UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS HARRIS,

    Plaintiff,

v.                                      CASE NO. 2:08-cv-131

P. JONES, et al.,                  HON. ROBERT HOLMES BELL

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

    This is an action brought by Plaintiff Curtis Harris pursuant to 42 U.S.C. § 1983. On November 14, 2008, Defendant Frontera filed a motion to dismiss. (Dkt. No. 48.) The remaining Defendants filed a motion to dismiss on November 21, 2008. (Dkt. No. 49.) On July 13, 2009, Magistrate Judge Timothy P. Greeley, treating both motions as motions for summary judgment, issued a report and recommendation (R&R) recommending that both motions be granted and that this case be dismissed in its entirety. (Dkt. No. 81.) Plaintiff filed objections to the R&R on July 23, 2009. (Dkt. No. 82.) This Court must review de novo those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    Plaintiff has filed two specific objections to the R&R. First, Plaintiff objects to the Magistrate Judge's determination that Defendant Frontera is entitled to summary judgment

on Plaintiff's claim that Defendant Frontera violated Plaintiff's Eighth Amendment rights by refusing to renew Plaintiff's medical detail relating to the use of chemical agents. The Court agrees with the Magistrate Judge. The undisputed evidence shows that Defendant Frontera declined to renew Plaintiff's medical detail out of concern for prison staff safety, and not as a result of "deliberate indifference" toward Plaintiff's medical condition. (*See* Dkt. No. 1, Pl.'s Compl. 7.)

Plaintiff next objects to the Magistrate Judge's observation that Plaintiff failed to respond to the motion for summary judgment filed on November 21, 2008, by Defendants Sego, Santure, Jones, Adams, Tenuta, Scott, Livermore, Sebaly, Seymore, and Rankin. Plaintiff did, in fact, submit a response to this motion on December 31, 2008. (Dkt. No. 69.) However, even upon consideration of Plaintiff's response and the evidence attached thereto, the Court nevertheless agrees with the Magistrate Judge's ultimate determination that Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims.

To withstand Defendants' motion for summary judgment, Plaintiff must present evidence sufficient to create a genuine issue of material fact as to whether Defendants used the chemical agent "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline." Fed. R. Civ. P. 56(c); *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (setting forth the standard for Eighth Amendment violations in excessive-use-of-force cases). "The mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could

reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In an effort to show that the use of the chemical agent was not the result of a good faith effort to maintain or restore discipline, Plaintiff attaches to his response to Defendants' motion for summary judgment an affidavit in which he declares that he obeyed all of the orders he was given prior to the chemical discharge. (Dkt. No. 69.) This assertion, however, is contradicted by the overwhelming evidence that Plaintiff did not obey Defendants' order to expose the palms of his hands during the strip search, even though the order was repeated multiple times. (Dkt. No. 50, Ex. A.) Defendants submit the affidavit of prison officer Keena Jones, a copy of the "critical incident report" filed after the chemical discharge, statements from six eyewitnesses (Sgt. Livermore, RUO Sebaly, RUO Sego, C/O Santure, C/O Warzack, and C/O Rankin), and a copy of the hearing officer's report finding Plaintiff guilty of a major misconduct for disobeying a direct order, which references and relies on a video-tape recording of the incident.[1] All of this evidence indicates that Plaintiff failed to expose his palms when ordered to do so and told that failure to comply would result in the application of the chemical agent. The Court concludes that no reasonable juror, upon consideration of all the available evidence, could conclude that Defendants' actions were "malicious" and "sadistic" rather than a good-faith effort to maintain or restore discipline.

---

[1] Statements contained in these documents appear to fit within the hearsay exceptions contained in Rules 803(6) and (8) of the Federal Rules of Evidence. Plaintiff has not challenged the evidence as inadmissible. *See Reynolds v. Green*, 184 F.3d 589, 596 (6th Cir. 1999) ("Because records prepared by public officials are presumed to be trustworthy, the burden is on the party opposing admission to show that a report is inadmissible because its sources of information or other circumstances indicated a lack of trustworthiness.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the report & recommendation (Dkt. No. 82) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 81) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendant Frontera (Dkt. No. 48) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants Sego, Santure, Jones, Adams, Tenuta, Scott, Livermore, Sebaly, Seymore, and Rankin (Dkt. No. 49) is **GRANTED**.

The Court certifies that appeal of this action would not be taken in good faith. 28 U.S.C. § 1915(a)(3).


Dated: March 31, 2010                              /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE