UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS N. HARRIS,

       Plaintiff,                    Case No. 2:08-cv-131

v.                                     HONORABLE PAUL L. MALONEY

KEENA JONES, et al.,

       Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff currently resides at the Ionia Maximum Correctional Facility in Ionia, Michigan. Plaintiff filed this action against ten Michigan Department of Corrections' employees on May 29, 2008, claiming Eighth Amendment violations for excessive force and cruel and unusual punishment. Defendants filed a motion for summary judgment on November 21, 2008. In the brief in support of their motion, Defendants argued that the officers' use of a chemical agent against Plaintiff when Plaintiff did not comply with their orders after breaking the window of his cell was a reasonable use of force under the circumstances. Defendants also argued that the fact that Plaintiff was provided with a shower within twenty-four hours after the incident was not unreasonable and because Plaintiff did not demonstrate that a constitutional violation occurred, Defendants were entitled to qualified immunity. Defendants' motion for summary judgment was granted on March 31, 2010, and the case was dismissed in its entirety.

Plaintiff appealed this Court's decision to the Sixth Circuit Court of Appeals. On January 3, 2011, the Sixth Circuit affirmed the dismissal as to Defendant Frontera, but reversed the

dismissal as to the remaining Defendants and remanded the case to this Court, stating that "a reasonable jury could infer that the officers engaged in an unjustified use of force against a compliant prisoner and then refused to mitigate his suffering." Docket #97 at 3. Additionally, the Sixth Circuit stated that "the defendants provide no specific reason for the prolonged restraint or lack of shower except to state that Harris was disruptive and the shower was unnecessary." Docket #97 at 3. The Sixth Circuit remanded Plaintiff's claims against Defendants Sebaly, Sego, Santure, Seymour, Rankin, and Livermore for using excessive force and Plaintiff's claims against Defendants Scott, Jones, Tenuta, and Adams for denying Plaintiff an immediate shower after the chemical agent was applied.

Presently before the Court is a motion for summary judgment filed by Defendants Jones, Adams, Scott and Tenuta (docket #144), regarding the denial of shower claim. Plaintiff has filed a response (docket #149), Defendants have replied to the response (docket #154), and the matter is ready for decision. Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Plaintiff alleges in his complaint that on April 3, 2007, at approximately 4:50 p.m., Defendants Sebaly, Sego, Santure, Seymour, Rankin and Livermore came to Plaintiff's cell in administrative segregation after Plaintiff broke his cell window. Defendant Sebaly ordered Plaintiff to place his property on the bed and to sweep his foot in front of the cell door. Plaintiff complied with the order. Defendant Sebaly then ordered Plaintiff to strip so that a strip search could be conducted. Plaintiff removed his clothes and handed them to Defendants Sebaly and Sego through the top slot. Defendant Sebaly ordered Plaintiff to hold his arms out to his sides and to show the palms of his hands. Plaintiff maintains he complied with the order. However, Defendant Sebaly announced that Plaintiff was not following the order. Defendant Sebaly repeated the order a few more times and Plaintiff continued to comply with the order. According to Plaintiff, there is a video of the incident that demonstrates his compliance. Plaintiff maintains that Defendant Sebaly falsely stated that Plaintiff was not following orders and Defendant Livermore threatened to use chemical agents.

The video recorder was held by Defendant Seymour. Defendant Livermore observed Plaintiff following the order to hold his arms to his sides and to show his palms, but agreed that Plaintiff was not following orders. Defendant Livermore then sprayed chemical agents into Plaintiff's cell in a five to six second blast. Plaintiff claims that he almost choked to death and that his eyes and skin burned as a result of the chemical agent. Plaintiff was placed in hard restraints and removed from his cell. Plaintiff was then taken down the hall and his restraints were exchanged for soft restraints. Plaintiff was vomiting and was distressed. Defendant Scott rinsed Plaintiff's eyes. Plaintiff complained to Defendants Scott and Livermore that his skin was burning and asked to take

3

a shower. Plaintiff was also having difficulty breathing, so Defendant Scott administered Plaintiff's asthma inhaler. Defendant Livermore ordered that Plaintiff be placed in a cell without a shower. Plaintiff later complained to Defendant Jones about the lack of a shower and clean clothes. Defendant Jones told Plaintiff that he might get a shower in a few minutes. Plaintiff did not receive a shower. At approximately 7:00 p.m., Defendant Scott brought Plaintiff his blood pressure medication. Plaintiff complained about the lack of a shower, as well as burning skin, eyes and nose, and difficulty breathing. Defendant Scott told Plaintiff to bring up his problems with "custody" employees. At around 7:10 p.m., Defendants Adams and Tenuta told Plaintiff that he did not have a shower coming. Plaintiff was taken out of restraints at approximately 8:30 a.m. on April 4, 2007, and received a shower at approximately 3:20 p.m. that day.

Plaintiff claims that when he arrived at Alger Maximum Correctional Facility on October 10, 2006, he had a medical detail regarding the use of chemical agents, which covered the period from March 17, 2006, to September 30, 2007. Defendant Frontera refused to renew Plaintiff's detail for chemical agents despite Plaintiff's health problems. Defendant Frontera stated that staff safety was more important than any risk to Plaintiff's health, and that renewing the medical detail would place staff at a high risk of harm. Thereafter, Plaintiff was not removed from the unit prior to the use of chemical agents on other inmates.

Plaintiff claims that since his exposure to chemical agents on April 3, 2007, his health has worsened. Plaintiff states that he has since been diagnosed as having hypoglycemia and that the left side of his neck, lower chest and upper stomach occasionally swell up. Plaintiff also states that he has a solid mass in his neck, "swooping sounds/murmur" in his chest and neck, and has difficulty swallowing. Plaintiff suffers from heavy night sweats, dizziness, tingling and lightheadedness. As noted previously by the Court, Plaintiff claims that Defendants' conduct violated his rights under the

4

Eighth Amendment. Plaintiff is suing Defendants in their individual and official capacities and is seeking compensatory and punitive damages, as well as declaratory and injunctive relief.

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Defendants Scott, Jones, Tenuta and Adams note that the Sixth Circuit remanded the delay of shower claim to this Court because Defendants failed to provide a specific reason for the prolonged restraint or the lack of a shower, except to state that Plaintiff was disruptive and a shower was unnecessary. Docket #97 at 3. Defendants assert that they did provide reasons for the lack of a shower and refer to affidavits that were previously offered as exhibits in support of the November 21, 2008, motion for summary judgment. The only new evidence offered by Defendants is the affidavit of Sergeant Rankin, who is not a party to this action, and the affidavit of Edward Ferguson, president and owner of the company that manufactures the chemical agent used on

Plaintiff. Ferguson attests that a shower after administration of the chemical agent "is not necessary." This affidavit was obtained after the close of discovery and after Defendants' motion for summary judgment was filed. Ferguson is not listed as a witness by Defendants. Ferguson's affidavit does not address whether under the circumstances as alleged by Plaintiff a shower was necessary. Ferguson's affidavit is not properly before the Court and does not support Defendants' motion for summary judgment. Sergeant Rankin attests in his affidavit that he was placed in a type of restraint which is similar to the type used on Plaintiff. Sergeant Rankin states that while in the restraint, he was able to turn on the water in the sink of a typical segregation cell and splash water onto his face and body. However, Defendants concede that Plaintiff testified in his deposition that it was impossible for him to wash his body in the sink because he did not have sufficient range of motion while in the restraints. Defendants further state that *Williams v. Benjamin*, 77 F.3d 756, 765 (4th Cir. 1996), the case cited by the Sixth Circuit in the order remanding this action, is distinguishable from the instant case and should not be relied on to deny their motion for summary judgment. Defendants are effectively asking this Court to reverse the decision of the Sixth Circuit based on facts already in the record at the time of the Sixth Circuit's decision. Stated with restraint, this Court does not have the authority to take such an action and defendants should know that.

In light of the foregoing, this Court will deny Defendants' motion for summary judgment. An Order consistent with this Opinion will be entered.


Dated: August 30, 2011            /s/   Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge